CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 02 2016
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT DAVID HAGA, | ) | Civil Action No. 7:16-cv-00157 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NEW RIVER VALLEY REGIONAL | ) | |
| JAIL, et al., | ) | By: Hon. Michael F. Urbanski |
| Defendants. | ) | United States District Judge |

Robert David Haga, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff names the New River Valley Regional Jail ("Jail") as the defendant and filed a motion to join the Jail's Superintendent, Gerald McPeak, as another defendant. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, the court grants the motion to join and dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Another inmate at the Jail broke Plaintiff's jaw and nose around 5:00 p.m. on February 15, 2016. Plaintiff was escorted to the Jail's medical department where he did not receive any medical assistance until 10:30 p.m. when a nurse confirmed the injuries but did not provide any pain relief. Plaintiff was not transported to a hospital's emergency department until approximately 2:00 p.m. the next day. The emergency room physician also confirmed the injuries and prescribed an antibiotic, a liquid diet, and a prescription for 7.5 ml of Norco, which is a combination of acetaminophen and hydrocodone, every six hours.

Plaintiff returned to the Jail by 4:30 p.m. and was told his pain medication would not be provided until the next day because the pharmacy that Jail used was "about to close." When he did receive pain medication, it was not the Norco prescribed by the emergency room physician.

Instead, the Jail's physician, allegedly pursuant to Jail "policy," substituted half a pill of hydrocodone #10 every six hours for 7.5 ml of Norco every six hours. Plaintiff also generally complains that a Jail nurse lacked the authority to change the prescribed liquid diet in an unspecified way.

## II.

The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, the Jail is not a "person" for purposes of § 1983. See Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983."), aff'd in part and rev'd in part, 203 F.3d 821 (4th Cir. 2000), reported in full-text format at 2000 U.S. App. LEXIS 465, at *3, 2000 WL 20591, at *1 ("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983[.]").

Plaintiff also fails to state a claim against Superintendent McPeak. Plaintiff does not allege any personal involvement with the alleged treatment, or lack thereof, of Plaintiff's injuries. See, e.g., Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Although Superintendent McPeak responded to several of Plaintiff's grievances, "[a] superior's after-the-fact denial of a grievance falls far short of establishing § 1983 liability." DePaola v. Ray, No. 7:12cv00139, 2013 U.S. Dist. LEXIS 117182, at *23, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013) (Sargent, M.J.) (citing Brooks v. Beard, 167 F. App'x 923, 925 (3rd Cir. 2006)). Plaintiff does allege passingly that a Jail "policy" caused the Jail's physician to substitute one hydrocodone treatment for another to manage pain. However, Plaintiff does not allege Superintendent McPeak's involvement with the modifications to the prescription or liquid diet, and, arguendo, a jail's use of a formulary does not amount to deliberate indifference to Plaintiff's constitutional rights. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-94 (1978). Accordingly, the complaint fails to state a claim upon which relief may be granted.

3

## III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted. Because Plaintiff may possibly state a claim against a different party, he is granted leave for thirty days to amend the complaint in accordance with Federal Rules of Civil Procedure 15, 18, 19, and 20 to state a claim against a different party.

ENTER: This 2nd day of June, 2016.

/s/ Michael F. Urbanski
United States District Judge